UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | Case No. 06-418 M |
| v. ) | |
| ) | |
| LIANCHENG NING, ) | DETENTION ORDER |
| ) | |
| Defendant. ) | |
| _____ ) | |

Offense charged:

Count 1: Conspiracy to Transport Individuals in Furtherance of Prostitution in violation of 18 U.S.C. §§ 371, 1952.

Count 2: Conspiracy to Transport and Harbor Illegal Aliens in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), (a)(1)(A) (iii), (a)(1)(A)(v)(l), and (a)(1(B)(l).

Date of Detention Hearing: August 15, 2006.

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that there are no conditions or combination of conditions other than detention that will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) Defendant was born in China, and is presently legally in the United States due to his asylee status. He arrived in the United States in late 2003. Since that time, he has resided

DETENTION ORDER
18 U.S.C. § 3142(i)
PAGE 1

15.13
Rev. 1/91

01  in Los Angeles, California, New York, and Houston, Texas before coming to Seattle. He has

02  minimal, if any, ties to this jurisdiction. He does not have a job and has been residing in his

03  present address for only three (3) months prior to his arrest, and previous to that at another

04  address in Seattle for a period of only a few months.

05      (2)    Defendant has substantial family contacts in China, including his mother and his

06  wife and child. However, he also appears to have been granted asylum in the United States,

07  indicating that he has been the subject of persecution in China or has a well-grounded fear of

08  future persecution. If the defendant is convicted of the charges in this case, then it is likely that

09  his asylee status will be revoked and he will be deported.

10      (3)    The United States has proffered that the defendant was involved in a false identity

11  business. At the time of his arrest, blank Washington State license documents were found in his

12  residence. It is also alleged that the defendant was part of a conspiracy to transport persons

13  throughout the United States in furtherance of prostitution. The defendant's potential contacts

14  in other parts of the United States and his alleged familiarity with making, using and distributing

15  false licensing documents increases the likelihood that defendant will not make all required court

16  appearances.

17      (4)    There are no conditions or combination of conditions other than detention that

18  will reasonably assure the presence of the defendant as required..

19      IT IS THEREFORE ORDERED:

20  (1)  Defendant shall be detained pending trial and committed to the custody of the
21       Attorney General for confinement in a correction facility separate, to the extent
22       practicable, from persons awaiting or serving sentences or being held in custody
23       pending appeal;

24  (2)  Defendant shall be afforded reasonable opportunity for private consultation with
25       counsel;

26  (3)  On order of a court of the United States or on request of an attorney for the

DETENTION ORDER  
18 U.S.C. § 3142(i)  
PAGE 2

15.13  
Rev. 1/91

government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 15th day of August, 2006.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge